MASXP-20110425
leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

01/05/2015
10:33 AM

# SUCV2014-03505
## Cullinane et al v Uber Technologies, Inc.

| | | | |
|---|---|---|---|
| **File Date** | 11/07/2014 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 01/05/2015 | **Session** | BLS1 - CtRm 1309, 3 Pemberton Sq, Boston |
| **Origin** | 1 - Complaint | **Case Type** | BK1 - Other complex commercial claims |
| **Track** | B - Special Track (Business Lead Case | | **Jury Trial** Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | | | | | | |
| **Filed By** | | | | | | | | |
| **Heard By** | | | | | | | | |

### PARTIES

**Plaintiff**
Rachel Cullinane
Active 11/07/2014

**Public Counsel 424240**
John J Roddy
Bailey & Glasser LLP
125 Summer Street
Suite 1030
Boston, MA 02110
Phone: 617-439-6730
Active 11/07/2014 Notify

**Private Counsel 549632**
Elizabeth A Ryan
Bailey & Glasser, LLP
125 Summer Street
Boston, MA 02110
Phone: 617-439-6730
Fax: 617-951-3954
Active 11/07/2014 Notify

**Private Counsel 631410**
Pedro Jaile
Jaile & Trifilo, LLC
188 Summer Street
Boston, MA 02128
Phone: 617-561-3777
Fax: 617-561-0300
Active 11/07/2014 Notify

**Plaintiff**
Jaqueline Nunez
Active 11/07/2014

**Public Counsel 424240**
John J Roddy
Bailey & Glasser LLP
125 Summer Street
Suite 1030
Boston, MA 02110
Phone: 617-439-6730
Active 11/07/2014 Notify

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2014-03505
## Cullinane et al v Uber Technologies, Inc.

**Private Counsel 549632**
Elizabeth A Ryan
Bailey & Glasser, LLP
125 Summer Street
Boston, MA 02110
Phone: 617-439-6730
Fax: 617-951-3954
Active 11/07/2014 Notify

**Private Counsel 631410**
Pedro Jaile
Jaile & Trifilo, LLC
188 Summer Street
Boston, MA 02128
Phone: 617-561-3777
Fax: 617-561-0300
Active 11/07/2014 Notify

**Defendant**
Uber Technologies, Inc.
Served: 12/01/2014
Served (answr pending) 12/09/2014

I HEREBY ATTEST AND CERTIFY ON
_January 5, 2015_ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
_Asst Clerk_

**Private Counsel 562056**
John A Shope
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: 617-832-1233
Fax: 617-832-7000
Active 01/05/2015 Notify

**Private Counsel 676612**
Daniel L. McFadden
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Bvld
Boston, MA 02210-2600
Phone: 617-832-1000
Fax:
Active 01/05/2015 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/07/2014 | 1.0 | Complaint (Business) & jury demand |
| 11/07/2014 | | Origin 1, Type BK1, Track B. |
| 11/07/2014 | 2.0 | Civil action cover sheet filed (n/a) |
| 11/13/2014 | 3.0 | NOTICE OF ACCEPTANCE INTO THE BUSINESS LITIGATION SESSION; it has been assigned to the BLS1 Session (Suffolk). (Sanders,J) Notice sent 11/13/14 (entered 11/12/14) |
| 12/09/2014 | 4.0 | SERVICE RETURNED: Uber Technologies, Inc.(Defendant) (in hand 12/1/14) |
| 12/31/2014 | | Copy of Petition for Removal to US Dist Court of deft (US Dist#14-cv-14750) |
| 01/05/2015 | | CASE REMOVEDTHIS DATE TO US DISTRICT COURT OF MASSACHUSETTS |

### EVENTS

**1**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT

|  |  |
|---|---|
| RACHEL CULLINANE and JACQUELINE NUNEZ, *on behalf of themselves and others similarly situated,* )<br>)<br>)<br>)<br>)<br> Plaintiffs, )<br>v. )<br> )<br>UBER TECHNOLOGIES, INC., )<br> )<br> Defendant. )<br> )<br> ) | Case No.  14-3505 BLS<br><br>Jury Trial Demanded |

CLASS ACTION COMPLAINT

Introduction

1.      Uber is a "ride sharing" service that transports customers throughout the Boston area for a fee. Uber passengers summon Uber vehicles using a cell phone app, and pay the fare through the same app.

2.      UberX, UberBLACK and UberSUV vehicles transporting passengers to and from Logan Airport charge a fare, and an additional $8.75 fee for a so-called "Logan Massport Surcharge and Toll."

3.      For airport drop-offs, there is no such thing as a "Massport Surcharge." Neither Massport nor Logan impose a fee, charge or "surcharge" of any sort upon Uber vehicles dropping passengers off at Logan Airport.

4.      And the "Massport Surcharge" is inflated for pick-ups. Only Massport permitted transport providers can pick passengers up at Logan. Such

licensed livery services, some of which are accessible using Uber, pay a $3.25 fee

for Logan pick-ups – not $8.75 - but that is the only "Massport surcharge"

applicable to Uber vehicles picking up at Logan.

5.      This class action seeks declaratory, injunctive and monetary relief

on behalf of a class of Uber passengers in Massachusetts who paid these fictitious

and inflated fees.

## Parties

6.      Ms. Nunez is an adult residing in Suffolk County.

7.      Ms. Cullinane is an adult residing in Suffolk County.

8.      Uber Technologies, Inc. is a California corporation with its

principal place of business in San Francisco, California.

## Jurisdiction and Venue

9.      This Court has jurisdiction to grant the relief sought under M.G.L.

c. 214, §§ 1, 5; c. 212, § 3, and c. 231A, § 1.

10.      Venue lies in this county because Ms. Nunez and Ms. Cullinane

reside here and Uber does business here.

## Facts

**Uber's Download and Registration Process Obscures The Terms & Conditions
Uber Imposes On Its Customers**

11.      Ms. Nunez downloaded the Uber app on her iPhone and created an

Uber account on or about January 1, 2013.

12.      Ms. Cullinane downloaded the Uber app on her iPhone and created

an Uber account on or about April 1, 2014.

13.     Both Ms. Nunez and Ms. Cullinane followed the registration process to create an Uber account. This process required each plaintiff to input identifying information on a screen on her mobile device, and provide a credit card account number.

14.     On touchscreen devices like the iPhone an electronic keyboard obscures the lower half of the screen as information is inputted into each required field: email address, mobile telephone number, password, first and last name, and credit card account information.



15.     As each plaintiff provided the information in the required fields,

the lower halves of their screens were obscured by the electronic keyboard.



16.     At the conclusion of the registration process, the app displayed a screen to each plaintiff, the bottom of which referenced a hyperlink to Uber's "Terms & Conditions and Privacy Policy."



17.     At no step during the registration process were the referenced

"terms & conditions" displayed to Ms. Cullinane or Ms. Nunez.

18.     Nor did Uber's registration process require, either as a condition of initially using its app or its ride share service, that either plaintiff access the "terms & conditions" hyperlink, read the "terms & conditions", or affirmatively assent to them.

19.     Neither plaintiff accessed the "terms & conditions" hyperlink, read the "terms & conditions", or affirmatively assented to them.

**Uber's Terms & Conditions Attempt To Abrogate Basic Legal Rights**

20.     Each prospective Uber user must register and create an Uber account using the same steps and viewing the same screens as Ms. Cullinane and Ms. Nunez.

21.     Uber's inconspicuous "terms & conditions" contain a number of grossly one-sided provisions, which purport to contract away all possible legal obligations to its customers, including even any obligation to provide a safe vehicle, or a safe driver, while retaining its right to payment regardless of whether a ride is completed.

22.     Uber's "terms & conditions" contain a complete disclaimer of warranties, which disavows virtually every conceivable basis upon which a reasonable user would rely in using the app and the ride share service:

> The company makes *no representation, warranty, or guaranty* on the reliability, timeliness, quality, suitability, availability, accuracy or completeness of the service or application. ….

The service and application is provided to you *strictly on an "as is" basis. All conditions, representations and warranties*, whether express, implied, statutory or otherwise, including, without limitation, any implied warranty of merchantability, fitness for a particular purpose, or non-infringement of third party rights, are *disclaimed to the maximum extent permitted by applicable law* ….

You acknowledge and *agree that the entire risk* arising out of your use of the application and service, and any third party services or products *remains solely with you*, to the maximum extent permitted by law.

(Emphases added).

23.     Uber's "terms & conditions" contain a "no refund" policy, encompassing "[a]ny fees that the Company may charge you…." This "no refund policy shall apply at all times regardless of your decision to terminate your usage, our decision to terminate your usage, disruption caused to our Application or Service either planned, accidental or intentional, *or any reason whatsoever*" (emphasis added).

24.     Uber's "terms & conditions" contain a Liability Disclaimer, by which Uber purports to absolve itself of all liability arising out of using its app or ride share service.

25.     Uber imposes upon every UberX passenger a $1 "Safe Rides Fee." Uber expressly represents that this Safe Rides Fee "supports our continued efforts to ensure the *safest possible platform for Uber riders* and drivers, including an *industry-leading background check* process, regular motor vehicle checks, driver safety education, development of *safety features in the app*, and insurance. For complete pricing *transparency,* you'll see this as a separate line item on every

UberX receipt" (emphases added).

26.     Despite its express representation that it is "committed to connecting you with the safest rides on the road," Uber disclaims "*any and all any liability… in any way related to the third party transportation provider….*" (emphasis added).

27.     Although it expressly represents that it employs an "*industry-leading background check* process," Uber disclaims any responsibility to "*assess the suitability, legality or ability of any [drivers]*" (emphases added).

28.     Although expressly representing that it conducts "regular motor vehicle checks [and] driver safety education," Uber's "terms & conditions" disavow any responsibility for the rider's safety: "*You understand*, therefore, that by using the application and the service, *you may be exposed to transportation that is potentially dangerous, offensive, harmful to minors, unsafe* or otherwise objectionable, and that *you use the application and the service at your own risk*" (emphases added).

**In Contrast, Uber's Surge Pricing Clearly Discloses Terms And Requires Customers To Affirmatively Agree To Those Terms**

29.     In contrast to the passive "terms & conditions" disclosure, which does not require the customer's affirmative assent to those terms, Uber informs the customer before imposing any charges that surge pricing will be applied. Uber discloses the amount of the surge pricing surcharge, and requires the customer to affirmatively agree to that surcharge before it acknowledges that an agreement on those terms has been reached between the customer and Uber.

30.     Uber's stated purpose for this multi-step process is that it wants to

ensure that these contract terms are "clear and straightforward."

http://blog.uber.com/2012/12/28/surge2012/

31.     Uber illustrates this three step process on its website.

  

32.     By using this "clear and straightforward" disclosure process,

coupled with requiring the customer's affirmative election to accept the disclosed

terms, Uber hopes to ensure that, at least with respect to its surge pricing, its

customers "won't be surprised" by the terms of its contract.

http://blog.uber.com/2012/12/28/new-years-eve-2012/#QA

### Facts Pertaining To Ms. Nunez's Uber Transaction

33.     On September 13, 2013, Ms. Nunez used the Uber app to obtain

transportation to Logan Airport.

34.     Ms. Nunez paid $65.00 for the trip to the airport, including the

$8.75 "Logan Massport Surcharge & Toll."

35.     Uber itemized its charges as follows on the electronic invoice it sent

to her via the app:



**Facts Pertaining To Ms. Cullinane's Uber Transaction**

36.     On June 29, 2014, Ms. Cullinane used the Uber app to obtain

transportation from Logan Airport.

37.     Ms. Cullinane paid $23.91 for the trip from the airport.

38.   Uber charged her for the $5.25 toll *plus* the $8.75 "Logan Massport Surcharge and Toll," as itemized on the electronic invoice it sent to her via the app:



**Class Allegations**

39.   Uber's Boston website, https://www.uber.com/cities/boston, in a section entitled "The Fine Print," describes the $8.75 "Massport surcharge": "[t]rips to or from Logan International Airport on UberX, UberBLACK, or UberSUV are subject to a [sic] $8.75 surcharge and any applicable tolls. Surcharge *covers Massport fees* and *other costs related to airport trips*." (emphasis added).

40.     The Rider Support section of Uber's website explains further that:
"[i]n select cities, there may be a nominal fee to compensate drivers for any
airport fees they are charged as part of your trip."
https://support.uber.com/hc/en-us/articles/201836666-What-is-this-charge-for-a-toll-

41.     UberX vehicles which are not licensed livery services are not
allowed to pick up passengers at Logan, nor are they charged a Massport fee of
any sort for dropping passengers off at Logan.

42.     Those Uber vehicles which are licensed livery services or taxi
services are only charged a $3.25 livery or $2.25 taxi fee if picking up at Logan,
and no fees are assessed for drop-offs.

43.     There are no "other costs related to airport trips" that Uber incurs
on trips to or from Logan.

44.     Uber has imposed the fictitious "Massport surcharge" upon tens of
thousands of Logan-bound and outbound passengers, and continues to do so.

45.     The class is composed of all Massachusetts residents who, since
October 18, 2011:

(a)     paid an Uber invoice including an $8.75 charge designated as
        "Logan Massport Surcharge and Toll"; and

(b)     have not received a refund of this charge for all amounts greater
        than the actual toll and any pickup fee paid by the Uber driver.

46.     Based on Uber's Logan Airport ride volume, the prospective class
numbers in the tens of thousands, making joinder of all members impracticable.

The exact size of the proposed class and the identity of the class members are readily ascertainable from Uber's business records.

47.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal common issues with respect to the class include: whether Uber's "Logan Massport Surcharge" breaches its contract with class members; whether the surcharge violates the UCC requirement of good faith and fair dealing; and whether Uber's retention of amounts in excess of the actual tolls and any livery or taxi fee paid constitutes unjust enrichment.

48.     There are no difficulties likely to be encountered by the Court in the management of this proposed class action. There are no individual questions, other than those which can be determined by ministerial inspection of Uber's records, and the issues of liability are determinable entirely from the face of the operative documents.

49.     Ms. Nunez and Ms. Cullinane's class claims are typical of those of the class they seek to represent, and they will fairly and adequately protect and represent the interests of the class. There is no conflict between the claims of Ms. Nunez and Ms. Cullinane as class representative and the claims of the proposed class.

50.     A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of

litigation, it would be impractical and economically unfeasible for class members to seek redress individually. In addition, it is likely that most class members are unaware that they have claims. Finally, the prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Uber.

51.    Ms. Nunez and Ms. Cullinane are represented by counsel competent and experienced in both consumer protection and class action litigation.

## Causes Of Action

## Count I

### (Breach of Contract: Covenant Of Good Faith and Fair Dealing)

52.    Uber's imposition of fictitious and inflated charges violates the covenant of good faith and fair dealing contained in its contracts. Such a requirement is also codified in UCC §§ 1-203 and 1-304.

53.    Uber's failure to act in good faith and deal fairly with class members is part of a pattern, or consistent with a practice, of noncompliance with its contractual obligations.

## Count II

### (Breach of Express Warranty)

54.    Uber's express representations that it is committed to ensuring the safest possible platform for Uber riders and drivers, performs an industry-leading background check process, conducts regular motor vehicle checks,

provides driver safety education, and provides complete pricing transparency

create warranties which go to the basis of the bargain made with Uber

passengers.

55.    Uber's disclaimer of the warranty obligations it created by its

express representations breaches those warranties and makes them illusory.

## Count III

### (Prohibited Warranty Disclaimer, UCC § 2-316A)

56.    Uber's express representations that it is committed to ensuring the

safest possible platform for Uber riders and drivers, performs an industry-

leading background check process, conducts regular motor vehicle checks,

provides driver safety education, and provides complete pricing transparency

create warranties which go to the basis of the bargain made with Uber

passengers.

57.    Uber's disclaimer of the warranty obligations it created by its

express representations violates the prohibition on such disclaimers contained in

UCC § 2-316A.

## Count IV

### (Unreasonable Negation of Warranties, UCC § 2-316)

58.    Uber's express representations regarding safety measures and

pricing transparency are directly contradicted and ostensibly negated by its

disclaimer of the warranties it created by those representations.

59.    Uber's unreasonable negation of those warranties by its various

disclaimers is inoperative, pursuant to the dictates of UCC § 2-316(1).

## Count V

### (Unjust Enrichment)

60.     By paying fictitious or inflated "Massport Surcharges" Ms. Nunez, Ms. Cullinane and Class members unwittingly conferred economic benefits upon Uber.

61.     Uber demanded and accepted these benefits, knowing that they were undeserved.

62.     Uber's collection, acceptance and retention of fictitious or inflated "Massport Surcharges," knowing that it was not entitled to them, is unjust and inequitable.

63.     In equity and good conscience Uber should not be permitted to retain these illegally obtained benefits.

### Prayer For Relief

WHEREFORE, Ms. Nunez and Ms. Cullinane respectfully pray for:

A.     an order certifying these claims as a class action;

B.     a declaration that Uber's conduct breaches its contracts with class members, breaches its express warranties, and violates the UCC, as alleged in Counts I- IV, constitutes unjust enrichment as alleged in Count V, and that class members are entitled to a refund of all fictitious and inflated charges imposed, with interest thereon, and to such additional remedies as the UCC and common law provide;

C.      an order preliminarily and permanently enjoining Uber from

engaging in the practices challenged in this Complaint;

D.      pre-judgment interest to the extent permitted by law;

E.      such other and further relief as the Court may deem just and

proper.

## Demand For Jury Trial

Ms. Nunez and Ms. Cullinane demand a trial by jury of all issues so
triable.

Respectfully submitted,

November 6, 2014

John Roddy, BBO # 242420
Elizabeth Ryan, BBO # 549632
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (fax)

Pedro Jaile, BBO # 631410
Jaile & Trifilo LLC
188 Sumner Street
East Boston, MA 02128
(617) 561-3777
(617) 561-0300 (fax)

I HEREBY ATTEST AND CERTIFY ON
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

2

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. 14-3505 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Rachel Cullinane and Jacqueline Nunez, on behalf of themselves and others similarly situated, | | DEFENDANT(S) Uber Technologies, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number John Roddy, Bailey & Glasser LLP 125 Summer Street, Suite 1030 Boston, MA 02110    BBO # 424240  617-439-6730 | | ATTORNEY (if known) |

Origin Code Original Complaint

Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE?
_____ (B) ( ) Yes ( ) No

| Code No. | Type of Action | Track | Jury Case |
|---|---|---|---|
| BK.1 | Breach of Contract, Unjust Enrichment, Other | | Yes |

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This action seeks monetary damages and other relief on behalf of a class of Massachusetts consumers who use the Uber App and Uber services to obtain transportation to or from Logan Airport. Uber charges customers a "Logan Massport Surcharge Fee" for transportation to and from Logan Airport of $8.75. Massport does not charge such a fee. The assessment and collection of this fee constitutes a breach of contract, breach of warranty, and unjust enrichment. It is also unfair and deceptive.

The action involves complex claims revolving around the validity of the assessed fees, Uber's representations to its customers, the collection of the fees, and the interpretation of provisions of Uber's electronic agreements with its customers. It involves at least thousands of class members, and many thousands of transactions. The damages will be determined by the number of individuals in the class and the number of trips to and from Logan Airport during the class period.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record
DATE: November 6, 2014

I HEREBY ATTEST AND CERTIFY ON
January 5 2015, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

CIVIL COVER SHEET ATTACHMENT

*Rachel Cullinane v. Uber Technologies, Inc.* (filed November 6, 2014)

**Additional Plaintiff Attorneys:**

Elizabeth Ryan, BBO #549632
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
Telephone: (617) 439-6730
Fax: (617) 951-3954
eryan@baileyglasser.com

Pedro Jaile, BBO # 631410
Jaile & Trifilo LLC
188 Sumner Street
East Boston, MA 02128
Telephone: (617) 561-3777
Fax: (617) 561-0300

*Notify*



**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2014-03505-BLS1**

RE: Cullinane et al vs. Uber Technologies, Inc.

Notice sent
11/13/2014
P. J.
J. & T.
J. J. R.
B. & G.
E. A. R.

(sc)

### NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS1**.

Hereafter, as shown above, all parties must include the initials "**BLS1**" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process with in the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the **BLS1** Session Clerk, Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 conference counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Pilot Project on Discovery (counsel are directed to http://www.mass.gov/courts/courtsandjudges/courts/superiorcourt/index.html for description of the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Pilot Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: 11/12/2014

Janet L. Sanders
Justice of the Superior Court

I HEREBY ATTEST AND CERTIFY ON
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:



**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2014-03505-BLS1**

RE:    Cullinane et al v Uber Technologies, Inc.

```
Notice sent
11/13/2014
P. J.
J. & T.
J. J. R.
B. & G.
E. A. R.    (sc)
```

As you may know, the Business Litigation Session began implementing a Discovery Pilot Project in January, 2010. This pilot project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the pilot project with the Court at the initial case management conference.  For a detailed copy of the BLS Pilot Project, counsel are directed to the Trial Court home page at:
http://www.mass.gov/courts/courtsandjudges/courts/superiorcourt/index.html)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

☐    **Yes,**_____ is willing to participate in the Discovery Pilot Project.
        (Party's Name)

Case Name Cullinane et al v Uber Technologies, Inc.

Docket Number CIVIL DOCKET#: **SUCV2014-03505-BLS1**

Counsel For_____            Date_____

Firm Name and Address
_____

_____

_____

Please sign and return to:
    Helen Foley, Asst. Clerk    **OR**    Richard V. Muscato, Jr., Asst. Clerk
    BLS1, Room 1309            BLS2, Room 1017
    3 Pemberton Square          3 Pemberton Square
    Boston, MA 02108           Boston, MA 02108

4

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2014-03505-BLS1

Rachel Cullinane and Jacqueline Nunez, on
behalf of themselves and others similarly _____ , Plaintiff(s)
situated

v.

Uber Technologies, Inc. _____ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:

You are hereby summoned and required to serve upon John Roddy of Bailey & Glasser LLP _____

plaintiff's attorney, whose address is 25 Summer St Ste 1030 Boston MA 02110 _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ sixth _____ day of _____ November _____ , in the year of our Lord two thousand _____ fourteen _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

I HEREBY ATTEST AND CERTIFY ON
January 5 2015 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. SUCV2014-03505-BLS1

Rachel Cullinane and Jacqueline Nunez, on behalf
of themselves and others similarly situated

——————————————, Plff(s).

v.

Uber Technologies, Inc.

——————————————, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

1402601

---

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ 201__, I served a copy of the within summons,
together with ... upon the within named defendant in the following

Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

Suffolk, ss.                                                                 December 2, 2014

I hereby certify and return that on 12/1/2014 at 2:40 PM I served a true and attested
copy of the Summons, Complaint and Cover Sheet & (2) Notices in this action in the
following manner: To wit, by delivering in hand to Danette Pena, Process Clerk agent
and person in charge at the time of service for Uber Technologies, Inc., at CT
Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies
($5.00) Postage and Handling ($1.00) Travel ($1.00) Basic Service Fee (IH) ($30.00)
Total: $37.00

Deputy Sheriff   John Cotter

_____
Deputy Sheriff

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

Superior Court Department
of the Trial Court

*U.S. Dist #*
*14-CV-14750*

RACHEL CULLINANE and JACQUELINE
NUNEZ, individually and on behalf of all others
similarly situated,

Plaintiffs,

C.A. No: 14-03505-BLS1

vs.

UBER TECHNOLOGIES, INC.

Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

To: **Clerk of the Superior Court**

Uber Technologies, Inc. gives notice that on December 30, 2014, it removed this

matter by properly filing a Notice of Removal in the United States District Court for the

District of Massachusetts. A copy of the Notice of Removal, as filed, is attached to this

notice as Exhibit A. This notice is given pursuant to 28 U.S.C. § 1446(d), which provides

that upon giving such notice the State Court shall proceed no further unless and until the

case is remanded.

1

Dated:  December 31, 2014

Respectfully submitted,

John A. Shope, BBO #562056
Daniel L. McFadden, BBO #676612
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
jshope@foleyhoag.com
dmcfadden@foleyhoag.com

## Certificate of Service

I, John A. Shope, one of the attorneys for the defendants, hereby certify that I
served the foregoing document by causing a true copy thereof to be mailed by first-class
mail, postage prepaid, to:

John Roddy, Esquire
Elizabeth Ryan, Esquire
Bailey & Glasser LLP
125 Summer St., Suite 1030
Boston, MA 02110

Pedro Jaile, Esquire
Jaile & Trifilo LLC
188 Summer St.
East Boston, MA 02128

John A. Shope

Dated:  December 31, 2014

I HEREBY ATTEST AND CERTIFY ON
January 5, 2015 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL CULLINANE and JACQUELINE NUNEZ, )<br>individually and on behalf of all )<br>others similarly situated, )<br> )<br>Plaintiffs, )<br>v. )<br> )<br>UBER TECHNOLOGIES, INC., )<br> )<br>Defendant. )<br>_____ ) | Civil No. _____ |

### Notice of Removal

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendant  Uber Technologies, Inc.

files this Notice of Removal from the Superior Court of the Commonwealth of Massachusetts,

Suffolk County, to the United States District Court for the District of Massachusetts, and in

support thereof states as follows:

### Procedural History and Notice Timing

1.      On November 7, 2014, plaintiffs Rachel Cullinane and Jacqueline Nunez filed

this proposed class action in the Superior Court of the Commonwealth of Massachusetts, Suffolk

County. *See* Ex. A (Complaint).  Plaintiffs claim breach of contract, breach of express warranty,

use of prohibited warranty disclaimer, unreasonable negation of warranties, and unjust

enrichment in connection with their payment of a surcharge for transportation to and from Logan

Airport.

2.      This removal is timely because it is being filed within thirty (30) days of service

on December 1, 2014, and in any event prior to or within the time period provided by 28 U.S.C.

§1446(b)(1) & (3). *See* Ex. B. (Docket indicating service in hand on December 1, 2014).

3.     The United States District Court for the District of Massachusetts is the judicial

district embracing Suffolk County, where the action is currently pending.

4.     No previous notice of removal has been filed in this case.

<u>Jurisdiction</u>

5.     This Court has jurisdiction over this putative class action under the Class Action

Fairness Act, 28 U.S.C. §1332(d), because: (1) the citizenship of at least one proposed class

member is different than that of Uber; (2) the matter in controversy, aggregated for all class

members, exceeds $5 million, exclusive of interests and costs; and (3) the proposed class consists

of at least 100 members.

6.     Sufficient diversity of citizenship is present.  The complaint alleges that plaintiffs

Nunez and Cullinane are both citizens of Massachusetts. Cmplt. ¶¶ 6 & 7.  Defendant Uber is a

corporation organized under the laws of Delaware with its principal place of business in San

Francisco, California.  *See id.* ¶ 8.

7.     The putative class is sufficiently numerous because the complaint alleges that the

proposed class "numbers in the tens of thousands." Cmplt. ¶ 46.

8.     The aggregated recovery claimed by plaintiffs exceeds $5 million.  The plaintiffs

allege that passengers who used Uber's service to arrange for transportation to and from Logan

Airport were improperly charged a $8.75 "Logan Massport Surcharge and Toll" fee, and seek a

refund of such fees charged after October 18, 2011. *Id.* ¶¶ 2, 45.  Based upon the number of trips

to which the surcharge applied during the relevant time period, such a refund would exceed $5

million dollars.  In addition, counsel for the plaintiffs has sent Uber a demand letter pursuant to

Mass. Gen. Laws c. 93A.  The letter states that the plaintiffs seek minimum statutory damages of

$25 as well as multiple damages and attorney's fees.  Uber has not acceded to this demand, and

2

counsel for the plaintiffs has informed Uber in writing that he will amend the complaint to add a

claim under c. 93A.  If this matter is litigated through trial, the plaintiffs' counsel will likely seek

fees in excess of $1 million.

### Notice and Service

9.     A notice of this removal, together with a copy of this Notice, shall be filed with

the Clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, and

shall be served on opposing counsel.


Dated: December 30, 2014                    Respectfully submitted,

                                            /s/      *John A. Shope*
                                            John A. Shope, BBO #562056
                                            Daniel L. McFadden, BBO #676612
                                            FOLEY HOAG LLP
                                            155 Seaport Boulevard
                                            Boston, MA 02210-2600
                                            Telephone: (617) 832-1000
                                            jshope@foleyhoag.com
                                            dmcfadden@foleyhoag.com

3

## Certificate of Service

I hereby certify that on December 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel for plaintiffs, by first-class mail, postage pre-paid, at the addresses listed below:

John Roddy, Esquire
Elizabeth Ryan, Esquire
Bailey & Glasser LLP
125 Summer St., Suite 1030
Boston, MA 02110

Pedro Jaile, Esquire
Jaile & Trifilo LLC
188 Summer Street
East Boston, MA 02128

/s/     *John A. Shope*

B4342554.2

4

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rachel Cullinane and Jacqueline Nunez on behalf of themselves and others similarly situated

**DEFENDANTS**

Uber Technologies, Inc.

(b) County of Residence of First Listed Plaintiff   **Suffolk**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
John Roddy, Bailey & Glasser LLP
125 Summer St., Suite 1030, Boston, MA 02110
617-439-6730

Attorneys *(If Known)*
John Shope and Daniel McFadden, Foley Hoag LLP
155 Seaport Blvd., Boston, MA 02210

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Purported class action with claims of breach of contract and warranties and of unjust enrichment

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
12/30/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ John A. Shope

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only) Cullinane v. Uber Technologies, Inc.

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

☐   I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

☑   II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

☐   III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐      NO ☑

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC §2403)

YES ☐      NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐      NO ☑

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐      NO ☑

7.   Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑      NO ☐

A.   If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑      Central Division ☐      Western Division ☐

B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐      Central Division ☐      Western Division ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐      NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME John A. Shope

ADDRESS Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210

TELEPHONE NO. 617-832-1000

(CategoryForm9-2014.wpd )