IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL CULLINANE and JACQUELINE NUNEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> UBER TECHNOLOGIES, INC., <br><br> Defendant. | ) C.A. No. 14-14750-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNOPPOSED MOTION TO SEAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND SECOND AFFIDAVIT OF RYAN COLBY AND INCORPORATED MEMORANDUM**

Pursuant to Fed. R. of Civ. P. 26 and Local Rule 7.2, defendant Uber Technologies, Inc. hereby moves to file under seal its Memorandum in Opposition to Plaintiffs' Motion to Remand (Docket No. 8), as well the accompanying Second Affidavit of Ryan Colby. Uber requests that these documents remain impounded until further order of Court.

Uber's memorandum and the Colby affidavit address a purely procedural question regarding the calculation of the amount in controversy, not the substantive rights of the parties, the amount of any actual recovery, or any other central or dispositive issue in the case. Accordingly, impounding these documents is appropriate upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); L.R. 7.2(a); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7, 13 (1st Cir. 1986). There is good cause for sealing these documents because they contain commercially sensitive information concerning Uber's activities in the Boston area. Specifically, the documents contain specific information concerning the number of Uber's users in Massachusetts and the number

and nature of trips to and from Logan Airport that have been requested through Uber's transportation software in the recent past.  As set forth in the First Affidavit of Ryan Colby, appended hereto, this information is proprietary and confidential, and public release of this information would likely result in competitive injury to Uber's business, including because competitors could tailor their services and their allocation of resources to capitalize on the market for transportation request software service that Uber currently serves.

Uber will file a redacted copy of its Memorandum no later than February 20, 2015.

The plaintiffs do not oppose to this motion.

Dated: February 13, 2015                                        Respectfully submitted,

/s/      *John A. Shope*
John A. Shope, BBO #562056
Daniel L. McFadden, BBO #676612
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
jshope@foleyhoag.com
dmcfadden@foleyhoag.com

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that the parties conferred in a good faith effort to resolve or narrow the issues raised by this motion, and that the plaintiffs do not oppose the relief requested.

/s/ *John A. Shope*
John A. Shope

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2015, a copy of the foregoing document was served on all registered participants identified on the Notice of Electronic Filing by filing of same through the ECF system.

/s/ *John A. Shope*
John A. Shope

B4355910.1