UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
RACHEL CULLINANE, JACQUELINE  )
NUNEZ, ELIZABETH SCHAUL, and  )
ROSS MCDONAGH,                )    CIVIL ACTION NO.
on behalf of themselves,      )    14-14750-DPW
and others similarly situated,)
                              )
           Plaintiffs,        )
                              )
v.                            )
                              )
UBER TECHNOLOGIES, INC.,      )
                              )
           Defendant.         )
```

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
January 29, 2020

The Parties have submitted to the Court an Unopposed Motion for Final Approval of Settlement Agreement. The Settlement Agreement, with its attached exhibits (collectively, the "Settlement Agreement"), was previously filed with this Court on April 26, 2019, ECF # 100-1, and a Supplemental Class Action Settlement Agreement was filed July 8, 2019, ECF # 107-1. Class Counsel has also submitted their motion for an order awarding attorneys' fees and costs to class counsel, and named plaintiff service awards. ECF # 121.

The Court approved Class Notice of the Settlement Agreement by Order dated September 20, 2019 (the "Class Notice Order"), preliminarily certifying the putative class in this action for

settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual notice to Class Members. The Court held a Final Approval Hearing on January 23, 2020, to determine whether to grant final approval of the proposed settlement and issue related relief, at which time the parties and all other interested persons were heard in support of the proposed Settlement.

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Class Notice Order, and having heard oral presentations by the Parties and all such persons, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Incorporation of Other Documents**. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement Agreement, including all amendments, supplements, and exhibits thereto, and definitions included therein, which was signed and filed with this Court on April 26, 2019 and supplemented on July 8, 2019; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement, Service Awards, and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; (c) the record at the Final Approval Hearing; (d) the documents

listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

2.   **Jurisdiction**.  Because due, adequate, and the best practicable notice has been disseminated and all Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Amended Stipulation of Settlement, grant final certification to the Class, dismiss the Action on the merits and with prejudice, and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.   **Final Class Certification**.  The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), pursuant to the Court's finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process. The Class shall consist of all Massachusetts residents (defined as persons who both registered for an Uber account via an iPhone in Massachusetts and had a Massachusetts billing address) who from October 18, 2011 to August 14, 2015:

3

(a) paid an Uber invoice that included an $8.75 charge designated as "Logan Massport Surcharge and Toll" or "Logan Massport Surcharge" or "Massport Surcharge"; or (b) paid an Uber invoice that included a $5.25 charge designated as "East Boston Toll"; and (c) have not received a refund of these charges for all amounts greater than the actual toll and/or any airport fee assessed by Massport or Logan Airport. The Class contains 101,691 identified persons. Excluded from the Class are (a) all persons who are employees, directors, and officers of Uber Technologies, Inc. and Raiser, LLC; and (b) the Court and Court staff. "Employees" means any person whose Uber account email address ended with "@uber.com" as of May 1, 2019.

4.     **Requests for Exclusion**.  The Court finds that no Class Member has submitted a timely and valid request for exclusion from the Class. All Class Members are bound by the terms and conditions of the Settlement Agreement, this Final Order, and accompanying Final Judgment. Class Counsel and Defense Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

5.     **Adequacy of Representation**.  Class Plaintiffs Rachel Cullinane, Jacqueline Nunez, Elizabeth Schaul, and Ross McDonagh have adequately represented the Class for purposes of entering into and implementing the Settlement. John Roddy and Elizabeth

Ryan of Bailey & Glasser LLP, and Pedro Jaile of the Law Office of Pedro A. Jaile, are adequate Class Counsel. Class Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

    **6.** **<u>Class Notice</u>**.  The Court finds that the dissemination of the Class Notice, the establishment of a website containing settlement-related materials, including the Class Notice, and all other notice methods set forth in the Settlement Agreement and the notice dissemination methodology implemented pursuant to the Settlement Agreement and this Court's Class Notice Approval Order, as described in the Declaration of the Settlement Administrator, a copy of which is incorporated herein and made a part hereof:

    a.   constituted the best practicable notice to Class Members under the circumstances of the Action;

    b.   constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action; (ii) the terms of the Settlement; (iii) their rights under the Settlement; (iv) their right to exclude themselves from the Class and the Settlement; (v) their right to object to any aspect of the Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness, or adequacy of the Settlement, the adequacy of the Class's representation by Plaintiffs or Class Counsel,

5

and/or the award of attorneys' fees); (vi) their right to appear at the Final Approval Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

  c. constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

  d. constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

  **7.** **Final Settlement Approval**. The terms and provisions of the Settlement and Settlement Agreement, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process

Clause), and any other applicable law. The Settlement is approved and any objections to the Settlement are overruled due to lack of merit. The Parties and Class Members are hereby directed to implement the Settlement Agreement according to its terms and provisions. Class Counsel, Defendant, and the Settlement Administrator shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement. If any deadline under the Settlement Agreement falls on a weekend or legal holiday, that deadline shall be extended until the next business day.

8. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, Defendant, and all Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

9. **Release**. The Release, which is set forth in Paragraph 25 of the Settlement Agreement, is expressly incorporated herein

in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release.

    **10.** **Permanent Injunction**. All Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing, or receiving any benefits from, as Class Members or otherwise, any lawsuit (including putative class actions), arbitration, administrative, regulatory, or other proceeding in any jurisdiction that is covered by the Release. All Class Members and all persons in active concert or participation with Class Members, including all persons acting on their behalf (including but not limited to the Releasing Parties), are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim, or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that

issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

**11. Enforcement of Settlement**. Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Settlement described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

**12. Attorneys' Fees and Expenses**. Class Counsel are hereby awarded attorneys' fees in the amount of $900,303.00, and reimbursement of their disbursements and expenses in the amount of $8,697.00, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement Agreement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Class, and that the amount of expenses is reasonable and was reasonably incurred in the course of the litigation. Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among Plaintiffs' Counsel.

The Court also approves administrative expenses and costs not to exceed $70,000.

    **13.** **Service Awards**.  The Court hereby awards $5,000 to each of the Plaintiffs, Rachel Cullinane, Jacqueline Nunez, Elizabeth, Schaul, and Ross McDonagh, as Service Awards in their capacities as representative Plaintiffs in the Action.

    **14.** **No Other Payments**.  The preceding two paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order and accompanying Final Judgment and the Settlement Agreement. Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not Defendants or their counsel) in connection with an appeal filed by an objecting Class Member.

**15. Final Audit**.  No later than thirty (30) days after the expiration date has passed on all credits issued to Settlement Class Members, and the void date has passed on all checks, the Settlement Administrator shall provide a Final Audit of the distribution of payments to the Parties and to the Court.  The Final Audit shall include: (a) the total dollar amount of credits issued to Settlement Class Members; (b) the total amount of unused credits as of the expiration date; (c) the total dollar amount of checks issued to Settlement Class Members with Inactive Accounts, and the total dollar amount of checks issued to Settlement Class Members who did not use their credits prior to the expiration date; and (d) the amount remaining in the Settlement Fund.

**16. Retention of Jurisdiction**.  The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment.  Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

   a.   enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of

action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against Uber);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment and the Settlement Agreement (including, without limitation, Orders enjoining persons or entities from pursuing any claims against Uber), dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as otherwise provided in the Settlement Agreement.

**17. <u>No Admissions</u>**.  Neither this Final Order, the accompanying Final Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever. Defendant continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order, the accompanying Final Judgment, and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendant or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith

settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, similar defense, or counterclaim.

18. **Dismissal of Action**. The Action (including all individual and Class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Order and the accompanying Final Judgment and the Settlement Agreement.

*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE