```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


RACHEL CULLINANE, JACQUELINE   )
NUNEZ, ELIZABETH SCHAUL, and   )
ROSS MCDONAGH,                 )    CIVIL ACTION NO.
on behalf of themselves,       )    14-14750-DPW
and others similarly situated, )
                               )
            Plaintiffs,        )
                               )
v.                             )
                               )
UBER TECHNOLOGIES, INC.,       )
                               )
            Defendant.         )
```

FINAL JUDGMENT
January 29, 2020

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1.   The settlement of this class action on the terms set forth in the Parties' Settlement Agreement, with exhibits and any amendments thereto (collectively, the "Settlement Agreement"), and definitions included therein, signed and filed with this Court on April 26, 2019 and supplemented on July 8, 2019, is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3):  The Class shall consist of all Massachusetts residents (defined as persons who both registered for an Uber account via an iPhone in Massachusetts and had a

Massachusetts billing address) who from October 18, 2011 to August 14, 2015: (a) paid an Uber invoice that included an $8.75 charge designated as "Logan Massport Surcharge and Toll" or "Logan Massport Surcharge" or "Massport Surcharge"; or (b) paid an Uber invoice that included a $5.25 charge designated as "East Boston Toll"; and (c) have not received a refund of these charges for all amounts greater than the actual toll and/or any airport fee assessed by Massport or Logan Airport.  The Class contains 101,691 identified persons.  Excluded from the Class are (a) all persons who are employees, directors, and officers of Uber Technologies, Inc. and Raiser, LLC; and (b) the Court and Court staff.  "Employees" means any person whose Uber account email address ended with "@uber.com" as of May 1, 2019.

    2.   The Court finds that no Class Member has submitted a timely and valid request for exclusion from the Class. All other members of the Class are bound by the terms and conditions of the Settlement Agreement, this Final Judgment and accompanying Final Order.

    3.   The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the settlement, and their rights under the settlement, including,

but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in *Rachel Cullinane, et al. vs. Uber Technologies, Inc.,* Case No. 1:14-cv-14750-DPW (the "Action") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Settlement Agreement and in the Court's Final Order Approving Class Action Settlement, (the "Final Approval Order"), without costs to any party except as provided in the Final Approval Order.

5. All Class Members and/or their representatives, and all persons acting on their behalf (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class actions), arbitration, administrative, regulatory, or other

proceeding in any jurisdiction that is covered by the Release. All Class Members, including all persons acting on their behalf (including but not limited to the Releasing Parties), are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim, or lawsuit in any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

6. Class Counsel and Defendant shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court. If any deadline under the Settlement Agreement falls on a weekend or legal holiday, that deadline shall be extended until the next business day.

7. Class Counsel shall be awarded $900,303.00 in attorneys' fees, and $8,697 in costs and expenses, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and is in accordance with the terms of the Settlement

Agreement. The Court also approves administrative expenses and costs not to exceed $70,000.

8.   Plaintiffs Rachel Cullinane, Jacqueline Nunez, Elizabeth Schaul, and Ross McDonagh shall each be awarded $5,000 as a Service Award in their capacities as a representative Plaintiff in the Action.

9.   This Court will retain continuing jurisdiction over the Action for the reasons and purposes set forth in this Court's Final Approval Order.

*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE