```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RACHEL CULLINANE, JACQUELINE NUNUZ, )
ELIZABETH SCHAUL and ROSS MCDONAGH, )
on behalf of themselves and others  )    CIVIL ACTION
similarly situated,                 )    NO. 14-14750-DPW
                                    )
                Plaintiffs,         )
v.                                  )
                                    )
UBER TECHNOLOGIES, INC.,            )
                                    )
                Defendant.          )
```

## MEMORANDUM AND ORDER REGARDING CY PRES DISTRIBUTION

Upon the completion of Second Phase Settlement Distribution Payments, pursuant to this Court's Order [ECF #170], the Settlement Administrator filed her Final Report on Distribution [ECF #172] on August 17, 2023, stating a total amount of $46,283.87 remained in the Settlement Fund as unclaimed.  At this point, it does not appear appropriate to undertake yet another phase of distribution payments.

After hearing further from the parties and the Settlement Administrator on February 7, 2023, at which time the Second Phase Settlement Distribution was authorized, and thereafter upon review of the Settlement Administrator's resultant Final Report, I am satisfied that further distributions would not be sufficiently large to make them economically viable, that a

meaningful further distribution phase would be all but impossible as a practical matter and that accordingly its execution would be unfair.

I have considered the parties' proposal, developed over extended consideration of the distribution process for this case. They offer two alternative recipients of a cy pres award: "the U.S. Department of the Treasury or the RIDE Program of the Massachusetts Bay Transportation Authority". I conclude that between them only the General Treasury of the United States can properly be approved as a recipient of the remaining funds in Settlement Account. In making this determination I have, of course, been guided by the principles enunciated by the First Circuit in *In re Lupron Mktg & Sales Practices Litig.*, 677 F.3d 21 (1st Cir. 2012). But there has not been proposed and I am not aware of any potential recipient that has a closer fit with financing implementation of class action procedures after reasonable efforts to deliver appropriate relief to class members have as a meaningful and practical matter been exhausted. *Cf. In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 363 (3d Cir. 2010) (Weis, J, concurring and dissenting).

I am not prepared to embrace the more fundamental critique of cy pres distributions found in certain case law and commentary. *See, e.g. In re Thornburg Mortg., Inc. Sec. Litig.*,

2

885 F. Supp 2d. 1097 (D.N.M. 2012); Martin H. Redish et al., *Cy Pres Relief and the Pathologies of the Modern Class Action: A Normative and Empirical Analysis*, 62 Fla. L Rev. 617, 642 (2010).  Nevertheless, Judge Hornsby's statement of reservations about the judicial role in making charitable donations seems useful cautionary advice.

> Federal judges are not generally equipped to be charitable foundations: we are not accountable to boards or members for funding decisions we make; we are not accustomed to deciding whether certain nonprofit entities are more "deserving" of limited funds than others; and we do not have the institutional resources and competencies to monitor that "grantees" abide by the conditions we or the settlement agreements set.
>
> *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 236 F.R.D. 48, 63 (D. Me. 2006).

Of course, if the approved government recipient were designated specifically to provide support only for the federal court accounts in the General Treasury, there might be some real or perceived perverse incentives in recipient choice by federal judges.  But remitting unclaimed settlement monies to the General Treasury that through Congressional direction allocates funds more broadly for a variety of federal operations beyond judicial operations generally and the class action process in particular does not present that problem.

By contrast payment to an agency of a separate sovereign such as the Massachusetts Bay Transportation Authority raises

separate questions, not least of which is the propriety and likely unfairness of having a federal judge make a disproportionate award to an entity which already has the presumptive right to participate as a class member, should it have standing.  Otherwise, the separate sovereign would simply be the recipient of a windfall to a government that had not otherwise chosen to allocate monies equal to the windfall to one of the programs it had designed.

Consequently, it is hereby ORDERED that no further distribution be made to class members;

IT IS FURTHER ORDERED that any remaining funds in the Settlement Fund shall be remitted (in the nature of cy pres) forthwith to the U.S. Department of the Treasury; and,

IT IS FURTHER ORDERED that that the Settlement Administrator shall provide an affidavit or declaration stating the funds have been remitted to the U.S. Department of Treasury and shall promptly file a copy of a receipt therefor from the U.S. Department of Treasury.

DATED:  September 19, 2023            */s/ Douglas P. Woodlock*
                                      DOUGLAS P. WOODLOCK
                                      United States District Judge